**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>TUBOS REUNIDOS, S.A.,<br><br>Debtor in a Foreign Proceeding. | Case No. 26-35383<br><br>Chapter 15 |
| In re:<br><br>TUBOS REUNIDOS GROUP, S.L.U.,<br><br>Debtor in a Foreign Proceeding. | Case No. 26-35385<br><br>Chapter 15 |
| In re:<br><br>TUBOS REUNIDOS PREMIUM THREADS, S.L.U.,<br><br>Debtor in a Foreign Proceeding. | Case No. 26-35386<br><br>Chapter 15 |
| In re:<br><br>APLICACIONES TUBULARES, S.L.U.,<br><br>Debtor in a Foreign Proceeding. | Case No. 26-35388<br><br>Chapter 15 |
| In re:<br><br>TUBOS REUNIDOS SERVICES, S.L.U.,<br><br>Debtor in a Foreign Proceeding. | Case No. 26-35389<br><br>Chapter 15 |
| In re:<br><br>TUBOS REUNIDOS GMBH,<br><br>Debtor in a Foreign Proceeding. | Case No. 26-35391<br><br>Chapter 15 |

| | |
|---|---|
| In re:<br><br>TUBOS REUNIDOS AMERICA, INC.,<br><br>Debtor in a Foreign Proceeding. | Case No. 26-35392<br><br>Chapter 15 |
| In re:<br><br>RDT, INC.,<br><br>Debtor in a Foreign Proceeding. | Case No. 26-90738<br><br>Chapter 15<br><br>(Joint Administration Requested)<br>(Emergency Hearing Requested) |

**EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF CASES UNDER CHAPTER 15 OF THE BANKRUPTCY CODE; AND (II) AUTHORIZING THE FOREIGN REPRESENTATIVE TO FILE CONSOLIDATED LISTS OF INFORMATION REQUIRED BY BANKRUPTCY RULE 1007(A)(4)**

**Emergency relief has been requested. Relief is requested not later than 9:00 a.m. (prevailing Central Time) on July 30, 2026.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**A hearing will be conducted on this matter on July 30, 2026, at 9:00 a.m. (prevailing Central Time) in Courtroom 402, 515 Rusk Street, Houston, Texas 77002. Participation at the hearing will only be permitted by an audio and video connection.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or lock the link on Judge Lopez's homepage. The meeting code is "JudgeLopez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**

**Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Lopez's homepage. Select the case name, complete the required fields, and click "Submit" to complete your appearance.**

PKF Attest Concursal, S.L.P. ("PKF" or "Foreign Representative"), the duly appointed insolvency administrator and the qualified and acting foreign representative of the above-captioned debtors (collectively, the "Debtors"), which debtors are the subject of three separate, jointly administered insolvency proceedings (the "Spanish Proceedings")[1] pending in Spain before the Civil Division of the Court of First Instance No. 7 of Vitoria-Gasteiz (the "Spanish Court"), files this motion (the "Motion") requesting certain relief herein. In support of this Motion, the Foreign Representative respectfully states as follows:

## RELIEF REQUESTED

1. The Foreign Representative seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), directing joint administration of the Debtors' related cases recognizing the Spanish Proceedings as the foreign main proceedings under chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for procedural purposes only.

2. The Foreign Representative requests that the Court maintain one file and one docket for all of the above-captioned cases (collectively, the "Chapter 15 Cases") under the case number assigned to Debtor Tubos Reunidos, S.A. and that these Chapter 15 Cases be administered under the following caption:

[1] The Spanish Proceedings are pending in three separate, jointly administered cases: (a) Case No. 296/2026, which includes TRSA; (b) Case No. 301/2026, which includes TRG and TRPT, and (c) Case No. 302/2026, which includes ATUCA, TRS, TRGmbH, TRAME and RDT.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>TUBOS REUNIDOS, S.A., *et al.*,[1]<br><br>Debtors in Foreign Proceedings. | Case No. 26-35383<br><br>Chapter 15<br><br>(Jointly Administered) |

[1] The chapter 15 debtors incorporated in Spain (collectively, the "Spanish Debtors"), along with the last four digits of each Spanish Debtor's Spanish tax identification number, are: Tubos Reunidos, S.A. ("TRSA") (1555), Tubos Reunidos Group S.L.U. ("TRG") (3694), Tubos Reunidos Premium Threads, S.L.U. ("TRPT") (0047), Aplicaciones Tubulares, S.L.U. ("ATUCA") (0715) and Tubos Reunidos Services, S.L.U. ("TRS") (6125). The chapter 15 debtor incorporated in Germany, along with the last four digits of its German tax identification number, is Tubos Reunidos GmbH ("TRGmbH" or "German Debtor") (9854). The chapter 15 debtors incorporated in the United States (collectively, the "U.S. Debtors"), along with the last four digits of each U.S. Debtor's federal tax identification number, are: Tubos Reunidos America, Inc. ("TRAME") (6565) and RDT, Inc. ("RDT") (6426). The Debtors' executive headquarters are located at No. 2, Barrio de Sagarribai, Amurrio (Álava), Spain.

3. The Foreign Representative further requests that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

4. The Foreign Representative also requests that a docket entry substantially similar to the following be entered on the docket of each of the Debtors, other than on the docket of the case of Tubos Reunidos, S.A., to reflect the joint administration of these Chapter 15 Cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 15 cases of Tubos Reunidos, S.A. (Case No. 26-35383), Tubos Reunidos Group, S.L.U. (Case No. 26-35385), Tubos Reunidos Premium Threads, S.L.U. (Case No. 26-35386), Aplicaciones Tubulares, S.L.U. (Case No. 26-35388), Tubos Reunidos Services, S.L.U. (Case No. 26-35389), Tubos Reunidos GmbH (Case No. 26-35391), Tubos Reunidos America, Inc. (Case No. 26-35392), and RDT, Inc. (Case No. 26-90738). **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 26-35383.**

5. Further, the Foreign Representative requests that the Court authorize the Debtors to utilize a combined service list for the jointly administered cases and that combined notices be sent to creditors of the Debtors' estates and other parties in interest as applicable.

## JURISDICTION AND VENUE

6. The Foreign Representative has properly commenced these Chapter 15 Cases under sections 1504 and 1509 of the Bankruptcy Code by filing petitions for recognition of the Spanish Proceedings under section 1515 of the Bankruptcy Code.

7. This Court has jurisdiction over these matters pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Debtors confirm their consent to the Court's entry of a final order in connection with this Motion.

8. Venue is proper pursuant to 28 U.S.C. §§ 1410.

9. The statutory bases for the relief requested herein are sections 101(2) and 105(a) of the Bankruptcy Code, Bankruptcy Rules 1015(b) and 1007(a)(4), and Rule 1015-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Local Rules").

## BASIS FOR RELIEF

### A. Joint Administration.

10. Bankruptcy Rule 1015(b) provides that if two or more petitions for relief are pending in the same court by or against a debtor and its affiliate, the Court may order joint administration of the cases. The Debtors are "affiliates" as defined in section 101(2) of the Bankruptcy Code.

11. Joint administration will be an administrative convenience for the Court, the clerk's office, and other interested parties. Entry of an order directing joint administration of these Chapter 15 Cases will avoid duplicative notices and motions, thereby saving the Debtors, the Foreign

Representative, and all other parties in interest considerable time and expense. This Motion will not adversely affect the rights of creditors because it requests only administrative consolidation of these Chapter 15 Cases. Joint administration will not affect any claims, interests, or other rights that creditors have in or against a particular Debtor and will permit creditors to look to one bankruptcy case docket with regard to relief that may be sought or ordered with respect to the Debtors. Granting this Motion will also relieve the Court of the burden of entering duplicative orders and maintaining duplicative files.

12. These Chapter 15 Cases relate to the Spanish Proceedings before the Spanish Court. The Debtors' financial affairs and business operations are interrelated. As such, the Foreign Representative anticipates that the notices, applications, motions, other pleadings, hearings, and orders in each of these Chapter 15 Cases will inevitably affect each of the Debtors. The failure to administer these Chapter 15 Cases jointly would result in numerous duplicative pleadings filed for each issue to be served upon separate service lists. Such duplication of substantially identical documents would be unnecessarily wasteful. Joint administration, therefore, will ease the administrative burden on the Court and all parties in interest, and will reduce fees and costs by avoiding the filing of duplicative documents and notices in each of the Debtors' separate cases.

13. Joint administration of these Chapter 15 Cases is in the best interests of the Debtors, their creditors, and all other interested parties, and no conflict of interest should arise as a result of joint administration. Requiring separate administration of these Chapter 15 Cases would subject the Debtors (who would be forced to file documents on numerous dockets) and creditors (who would be forced to monitor numerous dockets) to unnecessary administrative burdens.

14. For the foregoing reasons, the Foreign Representative requests the entry of the Proposed Order providing for the joint administration of these Chapter 15 Cases.

**B. Consolidated Bankruptcy Rule 1007(a)(4) List.**

15. The Court should also permit the Foreign Representative to file information required by Bankruptcy Rule 1007(a)(4) on a consolidated basis across all Debtors. In pertinent part, Bankruptcy Rule 1007(a)(4) provides that:

> a foreign representative filing a petition for recognition under chapter 15 shall file with the petition . . . (B) unless the court orders otherwise, a list containing the names and addresses of all persons or bodies authorized to administer foreign proceedings of the debtor, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and all entities against whom provisional relief is being sought under [section] 1519 of the [Bankruptcy] Code.

Fed. R. Bankr. P. 1007(a)(4).

16. The filing of a consolidated Bankruptcy Rule 1007(a)(4) list will be more efficient and no interested parties will be prejudiced by the filing of a consolidated list containing the same information on separate lists. The Foreign Representative seeks authority to file a consolidated list that identifies the names and addresses of those persons authorized to administer the Spanish Proceeding.

## EMERGENCY CONSIDERATION

17. Pursuant to Local Rule 9013-1(i), the Foreign Representative respectfully requests emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first twenty-one days after the commencement of a chapter 15 case "to the extent that relief is necessary to avoid immediate and irreparable harm." The Motion requests relief from procedural rules and requirements that pertain to matters of immediate significance or which involve deadlines sooner than twenty-one days after the Petition Date. The relief will save costs and avoid undue administrative burden and confusion only if granted before the applicable deadlines. Accordingly, the Foreign Representative submits that the "immediate and

irreparable harm" standard of Bankruptcy Rule 6003 is satisfied and, therefore, requests that the Court approve the relief requested in this Motion on an emergency basis.

## NOTICE

18. The Foreign Representative will provide notice of the Motion consistent with Bankruptcy Rule 2002(q). The Foreign Representative proposes to notify creditors and parties in interest of the filing of the Motion in the form and manner set forth in the *Motion for Order Scheduling Recognition Hearing and Specifying Form and Manner of Service of Notice*, filed contemporaneously herewith. The Foreign Representative submits that, in view of the facts and circumstances, such notice is sufficient, and no other or further notice need be provided.

## CONCLUSION

19. In accordance with the foregoing, the Foreign Representative respectfully requests that the Court enter the Proposed Order granting the relief requested herein and such other further relief as the Court deems just and appropriate under the circumstances.

[*signature page follows*]

Dated: July 29, 2026

Respectfully submitted,

*/s/ Jimmy D. Parrish*
Alexis C. Beachdell (*pro hac vice* pending)
Scott E. Prince (*pro hac vice* pending)
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Telephone: 216.621.0200
Email: abeachdell@bakerlaw.com
sprince@bakerlaw.com

-and-

Camille C. Bent (*pro hac vice* pending)
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Email: cbent@bakerlaw.com

-and-

Jimmy D. Parrish
Fed. ID No. 2687598
BAKER & HOSTETLER LLP
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, Florida 32801
Telephone: 407.649.4000
Email: jparrish@bakerlaw.com

*Counsel for PKF Attest Concursal, S.L.P., as Foreign Representative of Tubos Reunidos, S.A., Tubos Reunidos Group S.L.U., Tubos Reunidos Premium Threads, S.L.U., Aplicaciones Tubulares, S.L.U., Tubos Reunidos Services, S.L.U., Tubos Reunidos, GmBH, Tubos Reunidos America, Inc., and RDT, Inc.*

**CERTIFICATE OF ACCURACY**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Local Rule 9013-1(i).

*/s/ Jimmy D. Parrish*
Jimmy D. Parrish

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 29, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Jimmy D. Parrish*
Jimmy D. Parrish