**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>TUBOS REUNIDOS, S.A., TUBOS REUNIDOS GROUP S.L.U., TUBOS REUNIDOS PREMIUM THREADS, S.L.U., APLICACIONES TUBULARES, S.L.U., TUBOS REUNIDOS SERVICES, S.L.U., TUBOS REUNIDOS GMBH, TUBOS REUNIDOS AMERICA, INC., and RDT, INC.,[1]<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 26-35383<br><br>(Joint Administration Requested)<br><br>(Emergency Hearing Requested) |

**EMERGENCY MOTION FOR ENTRY OF AN ORDER GRANTING PROVISIONAL RELIEF PURSUANT TO SECTION 1519 OF THE BANKRUPTCY CODE**

**Emergency relief has been requested. Relief is requested not later than 9:00 a.m. (prevailing Central Time) on July 30, 2026.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**A hearing will be conducted on this matter on July 30, 2026, at 9:00 a.m. (prevailing Central Time) in Courtroom 402, 515 Rusk Street, Houston, Texas 77002. Participation at the hearing will only be permitted by an audio and video connection.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or**

[1] The chapter 15 debtors incorporated in Spain (collectively, the "Spanish Debtors"), along with the last four digits of each Spanish Debtor's Spanish tax identification number, are: Tubos Reunidos, S.A. ("TRSA") (1555), Tubos Reunidos Group S.L.U. ("TRG") (3694), Tubos Reunidos Premium Threads, S.L.U. ("TRPT") (0047), Aplicaciones Tubulares, S.L.U. ("ATUCA") (0715) and Tubos Reunidos Services, S.L.U. ("TRS") (6125). The chapter 15 debtor incorporated in Germany, along with the last four digits of its German tax identification number, is Tubos Reunidos GmbH ("TRGmbH" or "German Debtor") (9854). The chapter 15 debtors incorporated in the United States (collectively, the "U.S. Debtors"), along with the last four digits of each U.S. Debtor's federal tax identification number, are: Tubos Reunidos America, Inc. ("TRAME") (6565) and RDT, Inc. ("RDT") (6426). The Debtors' executive headquarters are located at No. 2, Barrio de Sagarribai, Amurrio (Álava), Spain.

**lock the link on Judge Lopez's homepage. The meeting code is "JudgeLopez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**

**Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Lopez's homepage. Select the case name, complete the required fields, and click "Submit" to complete your appearance.**

PKF Attest Concursal, S.L.P. ("PKF" or "Foreign Representative"), the duly appointed insolvency administrator and the qualified and acting foreign representative of the above-captioned debtors (collectively, the "Debtors"), which Debtors are the subject of three separate, jointly administered insolvency proceedings (the "Spanish Proceedings")[2] pending in Spain before the Civil Division of the Court of First Instance No. 7 of Vitoria-Gasteiz (the "Spanish Court"), hereby moves (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting provisional relief pursuant to and in accordance with sections 105(a), 1519, and 1522 of the Bankruptcy Code, including such relief as is authorized under section 1519(a)(3) by reference to section 1521(a).

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *General Order 2012-6* from the United States District Court for the Southern District of Texas, dated as of May 24, 2012. The granting of provisional relief pursuant to section 1519 of the Bankruptcy Code and other matters arising under chapter 15 of the Bankruptcy Code are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(P).

[2] The Spanish Proceedings are pending in three separate, jointly administered cases: (a) Case No. 296/2026, which includes TRSA; (b) Case No. 301/2026, which includes TRG and TRPT, and (c) Case No. 302/2026, which includes ATUCA, TRS, TRGmbH, TRAME and RDT.

2. These proceedings (the "Proceedings" or "Chapter 15 Cases") have been properly commenced pursuant to sections 1504 and 1509 of the Bankruptcy Code by the filing of the Petition (defined below) and related documents and declarations.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1410.

4. The bases for the relief requested herein are sections 105(a) and 1519 of the Bankruptcy Code, including the relief authorized by section 1519(a)(3) through its incorporation of certain provisions of section 1521(a), together with the Court's inherent authority to preserve the status quo pending determination of the Verified Petitions, and Rule 9013-1 of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules," and each individually, a "Local Rule").

## RELEVANT BACKGROUND[3]

5. A more fulsome discussion of the facts relevant to the Debtors' history and the Spanish Proceedings are set forth in the contemporaneously filed: (a) *Verified Petitions for (I) Recognition of Spanish Proceedings as Foreign Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Verified Petitions"), (b) the *Declaration of Iker Filloy Nieva Pursuant to 11 U.S.C. § 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure and in Support of Verified Petitions for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Nieva Declaration"); and (c) the *Declaration of Itsaso Santos Olalde in Support of Verified Petitions for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under*

[3] This Background section largely draws from the pleadings filed in the Spanish Proceeding, including: the Petition for Joint Declaration of Voluntary Insolvency, the Decision of the Spanish Court instructing Debtors to file separate insolvency cases, the Opening Orders, and filings related to the Rules and Proposed Sale.

*Chapter 15 of the Bankruptcy Code* (the "Olalde Declaration" and, together with the Nieva Declaration, the "PKF Declarations"), each of which are incorporated herein by reference as applicable. The most relevant facts are discussed below.

6. On May 4, 2026, the Debtors filed a joint petition in the Spanish Court to commence the Spanish Proceedings. At the request of the Spanish Court, on May 7, 2026, the Debtors filed new case number 301/2026 for Debtors TRG and TRPT, and new case number 302/2026 for Debtors ATUCA, TRS, TRGmbH, TRAME, and RDT (the "New Cases"). TRSA's proceedings continue under original case number 296/2026 (the "Original Case").[4]

7. On May 11, 2026, the Spanish Court issued Opening Orders for the Debtors in the New Cases, jointly declaring those Debtors voluntarily bankrupt and appointing PKF as the insolvency administrator for the Debtors in the New Cases. On June 17, 2026, the Spanish Court entered an Opening Order for TRSA in the Original Case, declaring TRSA voluntarily bankruptcy and appointing PKF as the insolvency administrator for TRSA.[5]

8. Under the Spanish Court's oversight, the Debtors and the Foreign Representative are pursuing a coordinated restructuring strategy designed to preserve enterprise value and maximize recoveries for stakeholders. As part of that restructuring, the Debtors have sought and obtained the Spanish Court's approval of procedures (the "Rules") governing a competitive process for the marketing and potential sale of certain business units and assets of the Debtors (the "Potential Sale"). Those court-approved Rules establish a structured framework for solicitation of bids and evaluation of potential transactions, with the objective of maximizing going-concern value.[6]

[4] Olalde Decl. ¶¶ 22-24; Nieva Decl. ¶¶ 22-24.
[5] Olalde Decl. ¶¶ 25-26, 30; Nieva Decl. ¶¶ 25-26, 30.
[6] Olalde Decl. ¶¶ 28-29, 34-37; Nieva Decl. ¶¶ 28-29, 34-37.

9. The Potential Sale process is ongoing and is expected to include the marketing and disposition of business units and assets located in multiple jurisdictions, including the United States, where the Debtors maintain some operational assets and commercial activities. The Debtors and the Foreign Representative intend to pursue transactions involving U.S.-based operations as part of this broader, court-supervised process, and the success of those efforts depends on maintaining stability and centralized control over the Debtors' assets during the pendency of the process.[7]

10. The Debtors' restructuring efforts are closely tied to their cash management systems and financing arrangements, including bank accounts maintained in the United States, cash collateral, and a letter of credit structure supported by a pledged deposit account. These arrangements are integral to the Debtors' liquidity and ongoing operations. Under the letter of credit structure, a draw could trigger reimbursement obligations that would be satisfied through the application of funds in the pledged deposit account, resulting in the immediate use of cash resources outside the supervision of a coordinated insolvency process.[8]

## RELIEF REQUESTED

11. Pursuant to sections 105(a), 1507, 1519, and 1521 of the Bankruptcy Code, the Foreign Representative respectfully requests entry of an order, substantially in the form of the Proposed Order, granting certain provisional relief (the "Provisional Relief"), effective as of the filing date of the Chapter 15 Cases (the "Petition Date") and continuing through the date on which the Court rules on the Verified Petitions, including, without limitation:

a. Determining, on a preliminary basis, that the Foreign Representative has demonstrated a substantial likelihood that the Spanish Proceedings satisfy the requirements for recognition under chapter 15, and granting the provisional

[7] Olalde Decl. ¶¶ 28-29, 34-37; Nieva Decl. ¶¶ 28-29, 34-37.

[8] Olalde Decl. ¶ 36; Nieva Decl. ¶ 36.

relief requested herein pending the Court's final determination of the Verified Petitions;

b. Recognizing and authorizing the Foreign Representative to act, on a provisional basis pending determination of the Verified Petitions as the sole "foreign representative" as defined in section 101(24) of the Bankruptcy Code;

c. Enforcing and giving full force and effect in the United States to the Spanish Proceedings on a provisional basis;

d. Granting to the Foreign Representative on a provisional basis all rights and protections afforded by sections 1509, 1510 and 1519(a)(3) of the Bankruptcy Code, including, but not limited to the (i) Foreign Representative's capacity to sue in a court in the United States, (ii) Foreign Representative's right to apply directly to a court in the United States for appropriate relief in such court, and (iii) requirement that the a court in the United States shall grant comity or cooperation to the Foreign Representative;

e. Finding that notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the Provisional Relief Order shall be effective immediately and enforceable upon entry, (ii) the Foreign Representative is not subject to any stay in the implementation, enforcement, or realization of the relief granted in the Provisional Relief Order, and (iii) the Foreign Representative is authorized and empowered, and may, in his discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms and purpose of the Provisional Relief Order;

f. Granting such provisional relief, pursuant to sections 1519, 1507, and 1522 of the Bankruptcy Code, as may be necessary to maintain the status quo and protect the Debtors' property (including without limitation the exercise of any right of setoff, recoupment, deduction, or netting against any accounts) pending the Court's determination of the Petition, including authorizing, on an interim basis, the Foreign Representative to administer, protect, and preserve the Debtors' property and property located within the territorial jurisdiction of the United States; and

g. Pursuant to sections 1519(a) and 1521(a) of the Bankruptcy Code, staying and enjoining, on a provisional basis, the commencement or continuation of any action or proceeding against the Debtors or their property, and any act to obtain possession of, exercise control over, or enforce against the Debtors' property within the territorial jurisdiction of the United States, in each case pending the Court's ruling on the Petition.

## BASIS FOR RELIEF

### I. **Provisional Relief Is Appropriate to Protect the Property of the Debtor and the Interests of Creditors.**

12. Section 1519 of the Bankruptcy Code permits the Court "from the time of filing a petition for recognition until [it] rules on the petition" to grant provisional relief pending recognition of the foreign proceeding where such relief is "urgently needed to protect the assets of the debtor or the interests of the creditors." 11 U.S.C. § 1519(a). Sections 1519(a)(1)–(3) of the Bankruptcy Code define the scope of available provisional relief, which includes:

a. staying execution of a debtor's assets;

b. entrusting the administration or realization of all or part of the debtor's assets located in the United States to the foreign representative or another person authorized by the court, including an examiner, in order to protect and preserve the value of assets that, by their nature or because of other circumstances, are perishable, susceptible to devaluation or otherwise in jeopardy; and

c. any relief referred to in paragraph (3), (4), or (7) of section 1521(a).

13. The Foreign Representative has contemporaneously filed the Verified Petitions and seeks a ruling that the Spanish Proceedings are foreign main proceedings under section 1517 of the Bankruptcy Code, or, in the alternative, are foreign non-main proceedings. By and through this Motion, the Foreign Representative seeks recognition of the Spanish Proceedings and Foreign Representative's rights and authorities under the Opening Orders and chapter 15 of the Bankruptcy Code for the purpose of maintaining the *status quo* until the Court rules on the Verified Petitions, which relief is authorized and warranted pursuant to sections 105(a) and 1519 of the Bankruptcy Code.

14. The Provisional Relief requested here is an "effective mechanism" to implement the chapter 15 policies of promoting cooperation between courts of the United States and courts of foreign countries involved in cross-border restructuring cases. *See* 11. U.S.C. § 1501. The "fair

and efficient administration of cross border [cases] that protects the interest of all creditors, and other interested entities," including the Debtors, is essential to the protection and maximization of the value of the Debtors' property. 11 U.S.C. § 1501(a).

15. Furthermore, the provisional relief sought herein is of a type frequently granted in chapter 15 cases. Bankruptcy courts in the United States have routinely imposed the section 362 stay or ordered similar relief to maintain the *status quo* pending recognition or disposition of foreign proceedings in ancillary cases under both chapter 15 and section 304 of the Bankruptcy Code. *See, e.g., In re Vitro*, 455 B.R. 571, 576–79, 584 (Bankr. N.D. Tex. 2011) (granting pre-recognition injunctive relief under §§ 105(a) and 1519(a) to protect the Chapter 15 debtor and its property pending recognition); *Schimmelpenninck v. Byrne*, 183 F.3d 347, 360–65 (5th Cir. 1999) (holding that previous section 304 authorized injunctive relief to prevent a creditor from obtaining preferential control over property involved in a foreign bankruptcy proceeding).

## II. <u>Provisional Relief is Necessary to Protect the Debtors and Their Restructuring Efforts</u>.

16. Provisional relief is warranted under section 1519(a) to protect the Debtors' property and the interests of creditors during the interim period before recognition. Although a petition for recognition "shall be decided upon at the earliest possible time," there is necessarily a gap between filing and the Court's ruling. 11 U.S.C. § 1517(c). During that period, the automatic stay and other protections of the Bankruptcy Code do not apply absent a court order. Section 1519 addresses that gap and authorizes relief where it is urgently needed to preserve estate property and prevent creditor action that would undermine the restructuring process. *See* 11 U.S.C. § 1519(a).

17. Provisional relief is necessary here to preserve the status quo and prevent irreparable harm pending recognition. In the Spanish Proceedings, the Debtors are executing a coordinated restructuring strategy that includes the marketing and anticipated sale of business units

as going concerns to maximize value. Those efforts require centralized control over property, including accounts and property located in the United States. Absent relief, creditors and counterparties may take unilateral actions to seize, set off, or otherwise exercise control over that property, disrupting operations, undermining negotiations with potential purchasers, and materially diminishing value.[9]

18. Provisional relief is also critical to ensure the success of the Potential Sale process approved by the Spanish Court. That process is designed to promote transparency, competitive bidding, and value maximization for the benefit of all stakeholders. Without interim protection, unilateral creditor actions could deplete liquidity at a critical juncture, impair the Debtors' ability to maintain operations and satisfy court-mandated milestones, and deter bidders. Preserving the *status quo*—including preventing depletion of the pledged deposit account—ensures that the Debtors can proceed with the sale process in an orderly and value-maximizing manner.

19. Finally, provisional relief is necessary to protect the Debtors' bank accounts and cash collateral from unilateral control. Absent relief, counterparties could assert alleged rights of setoff or effect transfers that deprive the Debtors of essential liquidity and shift control over estate property outside the supervision of this Court. The requested relief prevents such disruption, preserves property within the United States, and ensures that that property remains available for coordinated, court-supervised administration for the benefit of all creditors.

## III. <u>The Requested Provisional Relief Meets the Standard for a Preliminary Injunction</u>.

20. Provisional relief under chapter 15 of the Bankruptcy Code is appropriate if a foreign representative demonstrates that a debtor meets the standards applicable to an injunction. *See* 11 U.S.C. § 1519(e). In the Fifth Circuit, that standard requires a movant to show that: (a) it

[9] Olalde Decl. ¶¶ 32-37, 41-47; Nieva Decl. ¶¶ 32-37, 41-47.

has a likelihood of success on the merits; (b) it will suffer irreparable harm if the requested injunction is denied; (c) granting preliminary relief will not result in greater harm to the nonmoving party; and (d) the public interest favors such relief. *In re Vitro, S.A.B. de C.V.*, 455 B.R. 571, 580 (Bankr. N.D. Tex. 2011). The circumstances presented satisfy these standards.

### A. There Is a Substantial Likelihood of Recognition of the Spanish Proceedings as a Foreign Main Proceeding or Foreign Nonmain Proceeding and Application of Requested Additional Bankruptcy Code Provisions.

21. In the Verified Petitions, the Foreign Representative has demonstrated a substantial likelihood that the Spanish Proceedings will be recognized under chapter 15 because the threshold requirements for recognition are satisfied. The Spanish Proceedings are collective judicial proceedings, pending in the Spanish Court, relating to the Debtors' insolvency and adjustment of debt, and are being conducted under the supervision of the Spanish Court for the purpose of reorganizing or liquidating the Debtors' property and affairs. The Spanish Court has entered the Opening Orders declaring the Debtors voluntarily bankrupt, appointed PKF as the insolvency administrator for the Debtors, and approved the Rules governing the Potential Sale of some or all of the Debtors' business units or assets.[10] These facts squarely support recognition of the Spanish Proceedings as "foreign proceedings" within the meaning of section 101(23) of the Bankruptcy Code.

22. There is also a substantial likelihood that the Spanish Proceedings will be recognized as foreign main proceedings because the record supports a finding that each Debtor's center of main interests is in Spain. The Spanish Court conducted an entity-by-entity COMI analysis and determined that the COMI of each Debtor—including the German Debtor and the U.S. Debtors—is located in Spain. In reaching that conclusion, the Spanish Court found, among

[10] Olalde Decl. ¶¶ 22-37; Nieva Decl. ¶¶ 22-37.

other things, that the Debtors' restructuring activities, group management functions, financing coordination, and principal creditor engagement are centered in Spain; that the German Debtor and U.S. Debtors participate in centralized financing, and reporting arrangements administered from Spain; that a substantial portion of their obligations arises from intercompany financing and commercial relationships within the Tubos Reunidos enterprise; and that Spain serves as the principal location from which the Debtors' collective restructuring efforts are directed and supervised. Those findings support recognition of the Spanish Proceedings as foreign main proceedings under section 1517(b)(1) of the Bankruptcy Code.[11]

23. The same conclusion is reinforced by the Debtors’ corporate structure and operational realities. TRSA is the parent company and directly or indirectly owns 100% of each Debtor. It is also the entity responsible for providing strategic, financial, and operational direction for the group and is primarily responsible for the Debtors’ liabilities. The Debtors’ principal industrial operations, management, and headquarters functions are centered in Spain, including facilities in Amurrio, Trapága, and Iruña de Oca. Although the Debtors maintain a commercial presence in Germany and the United States, those operations are limited and subordinate to the group’s Spanish headquarters and Spanish-controlled management structure. Thus, the relevant indicia of COMI—management, decision-making, creditor interface, financing, and group administration—point to Spain.[12]

24. The evidence supporting COMI in Spain is particularly strong with respect to the U.S. Debtors. TRAME’s and RDT’s operations in the United States are a function of a broader enterprise structure whose principal restructuring, management, and administrative functions are centered in Spain. The U.S. Debtors operate pursuant to a group-wide framework for strategic

[11] *See generally*, Verified Petitions; Olalde Decl. ¶¶ 8-21; Nieva Decl. ¶¶ 8-21.
[12] *See generally*, Verified Petitions; Olalde Decl. ¶¶ 22-37; Nieva Decl. ¶¶ 22-37.

planning, financing coordination, reporting, and restructuring oversight that is administered from Spain. In addition, the principal creditor engagement, restructuring activities, and coordination of insolvency-related matters affecting the Debtors are centered in Spain under the supervision of the Spanish Court and the Foreign Representative. A substantial portion of the U.S. Debtors' obligations arises from intercompany financing and commercial arrangements within the Tubos Reunidos enterprise, and the U.S. Debtors' ongoing restructuring efforts are being administered as part of the coordinated Spanish Proceedings. Accordingly, the record demonstrates a substantial likelihood that Spain will be found to be the center of the U.S. Debtors' main interests and that the Spanish Proceedings will be recognized as foreign main proceedings with respect to the U.S. Debtors.[13]

25. Alternatively, even if the Court were to decline to recognize the Spanish Proceedings as foreign main proceedings for one or more Debtors, there is at minimum a substantial likelihood that the proceedings would be recognized as foreign non-main proceedings. The Debtors maintain established, substantial, integrated business activities in Spain through their headquarters, management functions, manufacturing operations, financing structure, and centralized restructuring efforts. The Spanish Court is supervising the Spanish Proceedings, the Debtors' property and affairs are subject to the Foreign Representative's oversight, and the Potential Sale process is proceeding under Spanish Court-approved Rules. These facts readily support recognition as foreign nonmain proceedings under sections 1502(5) and 1517(b)(2) if the Court determines, for any Debtor, that Spain is not the debtor's COMI.[14]

26. The requested application of additional Bankruptcy Code provisions is also substantially likely to be granted because the relief sought is tailored to effectuate the purposes of

---

[13] *See generally*, Verified Petitions; Olalde Decl. ¶¶ 22-37; Nieva Decl. ¶¶ 22-37.
[14] *See generally*, Verified Petitions; Olalde Decl. ¶¶ 8-37; Nieva Decl. ¶¶ 8-37.

chapter 15 and protect the Debtors' property, creditors, and restructuring efforts. Upon recognition, section 1521 authorizes the Court to grant appropriate relief necessary to protect the Debtors' property and creditor interests, including staying actions concerning the Debtors' property, staying execution against that property, suspending rights to transfer or encumber property, and granting additional relief available to a trustee except for specifically excluded avoidance remedies. Here, the requested relief—including enforcement of the Spanish Court's orders, protection of U.S.-located property and bank accounts, application of the automatic stay protections where available, and extension of provisional relief on a final basis—is designed to prevent interference with the Spanish Proceedings and the Spanish Court-approved Potential Sale process, preserve estate value, and promote comity with the Spanish Court. The record therefore supports a substantial likelihood that the Court will recognize the Spanish Proceedings and apply the requested additional Bankruptcy Code provisions under sections 105(a), 1507, 1520, 1521, and 1522.

**B. The Debtors Will Suffer Irreparable Harm Absent the Provisional Relief.**

27. Provisional relief pursuant to sections 1519 and 1521 of the Bankruptcy Code in this Chapter 15 Case is critical to prevent immediate and irreparable harm to the Debtors, their estates, and their creditors. Absent entry of such relief, the Debtors face a substantial risk that creditors and counterparties—including financial institutions maintaining the Debtors' deposit accounts—will take unilateral actions to seize, set off, or otherwise exercise control over property located within the territorial jurisdiction of the United States, resulting in the rapid depletion of the Debtors' liquidity and a corresponding loss of operational stability. A draw on an outstanding letter of credit would trigger the issuing bank's contractual reimbursement rights and the application of the pledged deposit account, causing an automatic conversion of critical cash resources into satisfied obligations outside the protections of chapter 15 and beyond the reach of this Court. Once those funds are applied, they cannot be meaningfully restored absent costly, complex, and

uncertain litigation, leaving the Debtors without the liquidity necessary to maintain operations, fund the Foreign Proceeding, or support the ongoing restructuring process.

28. The resulting harm is not merely monetary; it is structural and irreversible. The Debtors are presently engaged, under the supervision of the Spanish Court, in a coordinated restructuring that includes the marketing and anticipated Potential Sale of business units as going concerns. That process depends on centralized control over the Debtors' property, including U.S.-based accounts and cash flows, and the ability to present to prospective purchasers a stable enterprise capable of consummating transactions free from creditor interference. Absent the requested Provisional Relief, piecemeal enforcement actions in the United States would disrupt these efforts, chill bidding, undermine negotiations with potential purchasers, and materially diminish recoveries for creditors. Moreover, such creditor actions would fragment the restructuring process, risk inconsistent rulings, and interfere with the Spanish Court's ability to oversee and implement a unified, value-maximizing restructuring.

**C. Provisional Relief Will Benefit All Creditors.**

29. By comparison, the requested Provisional Relief will benefit creditors by preserving the value of the Debtors' estates and enabling an orderly, centralized restructuring process under the supervision of the Spanish court. By maintaining the status quo and preventing piecemeal enforcement actions against U.S.-based property, the relief ensures that that property remains available for coordinated administration as part of the Debtors' broader restructuring strategy, including the ongoing marketing and anticipated Potential Sale of business units as going concerns. These transactions are designed to maximize enterprise value by transferring integrated operations—rather than fragmented property—to third-party purchasers, thereby preserving going-concern value, maintaining customer and vendor relationships, and improving overall recoveries to creditors.

30. Granting provisional relief under § 1519 will benefit creditors by preventing the unilateral and immediate depletion of estate cash collateral. Under the Debtors' financing arrangements, certain rights may be asserted that would result in the automatic application of funds held in bank accounts or other cash collateral to satisfy obligations outside of a coordinated insolvency process. Absent relief, those mechanisms would permit the piecemeal extraction of estate value at a critical stage of the Debtors' restructuring efforts. Maintaining the status quo ensures that the Debtors' cash resources remain available for orderly administration in the foreign proceeding and for equitable distribution among all creditors, rather than being diverted to satisfy discrete obligations outside of that process.

31. The requested Provisional Relief also satisfies the requirements of section 1522 of the Bankruptcy Code because the interests of creditors and other interested parties are sufficiently protected. The relief sought is temporary in nature, is narrowly tailored to preserve the status quo pending the Court's determination of the Verified Petitions, and does not constitute a final adjudication of any creditor's rights or claims. Rather, the requested relief merely prevents unilateral actions that could disrupt the Spanish Proceedings, interfere with the Spanish Court-approved restructuring and sale process, or diminish the value of the Debtors' assets before the recognition hearing can occur. All parties in interest will retain the opportunity to be heard in connection with the Verified Petitions and any subsequent requests for relief. Accordingly, the requested Provisional Relief appropriately balances the interests of all stakeholders and provides sufficient protection within the meaning of section 1522 of the Bankruptcy Code.

**IV. <u>Public Interest Favors Granting the Requested Provisional Relief</u>.**

32. Public interest strongly favors granting the requested Provisional Relief because it preserves the orderly, collective administration of property in a cross-border restructuring and prevents end-runs around that process through private enforcement mechanisms. Courts

consistently emphasize that § 1519 relief serves the public interest by maintaining the status quo, protecting estate property, and ensuring deference to the foreign proceeding. *See, e.g., In re Andrade Gutierrez Engenharia S.A.*, 645 B.R. 175, 181–85 (Bankr. S.D.N.Y. 2022) (granting provisional relief to preserve property and prevent creditor actions from undermining the foreign proceeding*); In re Vitro S.A.B. de C.V.*, 455 B.R. 571, 576–79, 584 (Bankr. N.D. Tex. 2011) (underscoring the importance of comity and coordinated cross-border insolvency administration); *In re Worldwide Educ. Servs., Inc.*, 494 B.R. 494, 499–503 (Bankr. C.D. Cal. 2013) (recognizing that provisional relief prevents piecemeal depletion and promotes an orderly, centralized process*)*.

33. Here, together with other rights that may be asserted against U.S.-based accounts or cash collateral, these arrangements create a risk that unilateral creditor actions could disrupt the Debtors' liquidity, interfere with the implementation of the Potential Sale, and impair the value of property that is intended to be marketed and sold through the Spanish Court-approved process.

**EMERGENCY CONSIDERATION**

34. Pursuant to Local Rule 9013-1(i), the Foreign Representative respectfully requests emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first twenty-one days after the commencement of a chapter 15 case "to the extent that relief is necessary to avoid immediate and irreparable harm." The Motion requests relief from procedural rules and requirements that pertain to matters of immediate significance or which involve deadlines sooner than twenty-one days after the Petition Date. The relief will save costs and avoid undue administrative burden and confusion only if granted before the applicable deadlines. Accordingly, the Foreign Representative submits that the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 is satisfied and, therefore, requests that the Court approve the relief requested in this Motion on an emergency basis.

## NOTICE

35. The Foreign Representative will provide notice of the Motion consistent with Bankruptcy Rule 2002(q). The Foreign Representative proposes to notify creditors and parties in interest of the filing of the Motion in the form and manner set forth in the *Motion for Order Scheduling Recognition Hearing and Specifying Form and Manner of Service of Notice*, filed contemporaneously herewith. The Foreign Representative submits that, in view of the facts and circumstances, such notice is sufficient, and no other or further notice need be provided.

## WAIVER OF CIVIL RULE 65(c)

36. Bankruptcy Rule 7065 expressly provides that "a temporary restraining order or preliminary injunction may be issued on application of a debtor, trustee, or debtor in possession without compliance with Rule 65(c)." To the extent Rule 65 of the Federal Rules of Civil Procedure applies, the Foreign Representative believes that the security requirements imposed by Rule 65(c) are unwarranted under the circumstances and, accordingly, respectfully requests a waiver of such requirements pursuant to Bankruptcy Rule 7065.

**WHEREFORE**, the Foreign Representative respectfully requests that this Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

[*signature page follows*]

Dated: July 29, 2026

Respectfully submitted,

*_/s/ Jimmy D. Parrish_*
Alexis C. Beachdell (*pro hac vice* pending)
Scott E. Prince (*pro hac vice* pending)
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Telephone: 216.621.0200
Email: abeachdell@bakerlaw.com
sprince@bakerlaw.com

-and-

Camille C. Bent (*pro hac vice* pending)
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Email: cbent@bakerlaw.com

-and-

Jimmy D. Parrish
Fed. ID No. 2687598
BAKER & HOSTETLER LLP
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, Florida 32801
Telephone: 407.649.4000
Email: jparrish@bakerlaw.com

*Counsel for PKF Attest Concursal, S.L.P., as Foreign Representative of Tubos Reunidos, S.A., Tubos Reunidos Group S.L.U., Tubos Reunidos Premium Threads, S.L.U., Aplicaciones Tubulares, S.L.U., Tubos Reunidos Services, S.L.U., Tubos Reunidos, GmBH, Tubos Reunidos America, Inc., and RDT, Inc.*

## CERTIFICATE OF ACCURACY

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Local Rule 9013-1(i).

*/s/ Jimmy D. Parrish*
Jimmy D. Parrish

## CERTIFICATE OF SERVICE

I hereby certify that, on July 29, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Jimmy D. Parrish*
Jimmy D. Parrish