**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>TUBOS REUNIDOS, S.A., TUBOS REUNIDOS GROUP S.L.U., TUBOS REUNIDOS PREMIUM THREADS, S.L.U., APLICACIONES TUBULARES, S.L.U., TUBOS REUNIDOS SERVICES, S.L.U., TUBOS REUNIDOS GMBH, TUBOS REUNIDOS AMERICA, INC., and RDT, INC.,[1]<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No.: ____________ |

**DECLARATION OF IKER FILLOY NIEVA IN SUPPORT OF VERIFIED PETITION FOR RECOGNITION OF SPANISH PROCEEDINGS AS FOREIGN MAIN PROCEEDINGS, (II) RECOGNITION OF FOREIGN REPRESENTATIVE, AND (III) RELATED RELIEF UNDER CHAPTER 15 OF THE BANKRUPTCY CODE**

I, Iker Filloy Nieva, pursuant to 28 U.S.C. 1746, hereby declare as follows:

## I. Introduction and Qualifications of the Foreign Representative.

1. I am a Partner and the Co-Director of the Restructuring and Insolvency Practice at PKF Attest Concursal, S.L.P. ("PKF" or the "Foreign Representative"), the duly appointed insolvency administrator and proposed foreign representative of the above-captioned debtors (collectively, the "Debtors"), which are the subject of three related insolvency proceedings (the

[1] The chapter 15 debtors incorporated in Spain (collectively, the "Spanish Debtors"), along with the last four digits of each Spanish Debtor's Spanish tax identification number, are: Tubos Reunidos, S.A. ("TRSA") (1555), Tubos Reunidos Group S.L,U. ("TRG") (3694), Tubos Reunidos Premium Threads, S.L.U. ("TRPT") (0047), Aplicaciones Tubulares, S.L.U. ("ATUCA") (0715) and Tubos Reunidos Services, S.L.U. ("TRS") (6125). The chapter 15 debtor incorporated in Germany, along with the last four digits of its German tax identification number, is Tubos Reunidos GmbH ("TRGmbH" or "German Debtor") (9854). The chapter 15 debtors incorporated in the United States (collectively, the "U.S. Debtors"), along with the last four digits of each U.S. Debtor's federal tax identification number, are: Tubos Reunidos America, Inc. ("TRAME") (6565) and RDT, Inc. ("RDT") (6426). The Debtors' executive headquarters are located at No. 2, Barrio de Sagarribai, Amurrio (Álava), Spain.

"Insolvency Proceedings")[2] pending in Spain before the Civil Division of the Court of First Instance No. 7 of Vitoria-Gasteiz (the "Spanish Court"). The Spanish Proceedings were commenced under the Spanish Insolvency Act and, where applicable, the European Union Insolvency Regulation.

2. PKF was appointed by the Spanish Court to serve as insolvency administrator in the Spanish Proceedings pursuant to orders entered on May 11, 2026 and June 17, 2026. While PKF is the Foreign Representative of all of the Debtors, I am responsible for the insolvency administration of only TRG, TRPT, ATUCA, TRS, TRGmbH, TRAME, and RDT.

3. I work out of the PKF office located at 12 Eduardo Dato Street, 3rd Floor, 01005 Vitoria-Gasteiz (Álava), Spain. As a Partner and Co-Director of PKF's Restructuring and Insolvency Practice, my work focuses on insolvency proceedings, corporate restructuring, business turnaround and refinancing processes, financial advisory services, company valuations, viability and business plans, liquidation processes, and distressed situations. I regularly act in insolvency proceedings, provide expert opinions in judicial matters, and advise companies on financial restructuring and recovery strategies. I obtained my degree in Business Administration and Management in 1999 from the University of the Basque Country (UPV/EHU). I completed extensive professional training in insolvency, restructuring, financial planning and corporate recovery matters. I am fully familiar with the Spanish Insolvency Act and the European Union Insolvency Regulation.

4. In accordance with section 1515 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the

[2] The Spanish Proceedings are pending in three separate, jointly administered cases: (i) Case No. 296/2026, which includes TRSA; (ii) Case No. 301/2026, which includes TRG and TRPT, and (iii) Case No. 302/2026, which includes ATUCA, TRS, TRGmbH, TRAME and RDT.

"Bankruptcy Rules"), I respectfully submit this declaration ("Declaration") in support of: (a) the *Official Form 401 Petitions* for each Debtor, (b) the *Verified Petition for (I) Recognition of Foreign Main Proceeding, (ii) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (together with the Official Form 401 Petitions, the "Verified Petitions"), and (c) the *Motion for Provisional Relief Pursuant to Section 1519 of the Bankruptcy Code* (the "Motion for Provisional Relief"),[3] each filed contemporaneously herewith.

5. I am authorized to submit this Declaration on behalf of PKF in its capacity as court-appointed insolvency administrator and Foreign Representative. Where the matters stated in this Declaration are statements of legal opinion, such statements reflect my understanding of Spanish law based on my education, training, and experience practicing in Spain. Where the matters stated in this Declaration are statements of fact, they are either based on my personal knowledge or derived from my review of documents and information supplied to me and are true and correct to the best of my knowledge, information, and belief.[4]

6. The Spanish Proceedings are the center of the Debtors' restructuring efforts. The Debtors commenced those proceedings after a deterioration in liquidity and financial performance caused by, among other things, reduced access to the U.S. market as a result of changing U.S. tariff policies, weak demand in Europe for the Debtors' products, and the fixed-cost pressures inherent in the steel industry. Through the Spanish Proceedings and these Chapter 15 cases, the Debtors seek to preserve operations, maintain going-concern value, and pursue either a restructuring or a competitive sale of certain business units and assets under court supervision.

[3] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Verified Petition.

[4] The matters set forth in this Declaration largely draw from the pleadings filed in the Spanish Proceedings, including: the Petition for Joint Declaration of Voluntary Insolvency, the Decision of the Spanish Court instructing Debtors to file separate insolvency cases, the Opening Orders, and filings related to the Rules and Proposed Sale.

7. This Declaration describes the commencement and current status of the Spanish Proceedings, the principal pleadings and orders entered by the Spanish Court, PKF's appointment and authority, the Debtors' restructuring and sale efforts, the Debtors' joint financing and intercompany financing arrangements, and other facts supporting a finding that that each of the Debtors' center of main interest (COMI) is in Spain. Though I am responsible for the insolvency administration of all Debtors except TRSA, I include facts regarding all of the Debtors and all of the Spanish Proceedings because those facts are relevant and for the sake of completeness.

## II. The Debtors' Operations and Corporate Structure.

8. The Debtors are an industrial business group with more than 130 years of history, whose main activity is the manufacture and sale of seamless steel pipes. The parent company, TRSA, was incorporated in 1892, and has been listed on the Bilbao and Madrid, Spain stock exchanges for decades. The Debtors have operations in Spain, Germany, and the United States. TRSA, the parent company, directly or indirectly owns 100% of each of the other Debtors. TRSA also owns 100% of CLIMA S.A., which is a non-debtor, non-operating Spanish entity that was formed solely to hold certain treasury stock. A true and correct copy of an organizational chart for the Debtors is attached hereto as **Exhibit 1**.

9. **Tubos Reunidos, S.A. (TRSA).** TRSA is a Spanish entity with a registered office at No. 2, Barrio de Sagarribai, Amurrio (Álava), Spain. It is the parent company of the Debtor group and directly or indirectly owns each of the other Debtors. TRSA directly owns 100% of TRG, TRPT, ATUCA, TRS, and TRAME, and indirectly owns TRGmbH and RDT through the group structure shown in the organizational chart attached as Exhibit 1. TRSA has had its shares listed on the Bilbao and Madrid Stock Exchanges since July 1, 2005. TRSA is managed and administered by an 8-person Board of Directors. TRSA is the entity that provides the strategic,

financial, and operational decisions for all of the Debtors and the entity primarily responsible for the Debtors' liabilities. TRSA employs 14 people, all located in Spain.

10. **Tubos Reunidos Group S.L.U. (TRG).** TRG is a Spanish entity with a registered office in Amurrio (Álava), Sagarribai neighborhood, s/n. It is a wholly owned subsidiary of TRSA and is TRGmbH's parent company. TRG is managed and administered by two joint directors, both of whom reside in Spain: Mr. López de las Heras and Ms. Inés Núñez de la Parte. TRG is the Debtors' manufacturer of seamless steel tubes. As of May 30, 2026, TRG had approximately 1,178 employees, all located in Spain.

11. **Tubos Reunidos Premium Threads, S.L.U. (TRPT).** TRPT is a Spanish entity with a registered office in Iruña de Oca (Álava), at Subillabide Industrial Park, Lot 5, Block E. It is a wholly owned subsidiary of TRSA. TRPT is managed and administered by two joint directors, both of whom reside in Spain: Mr. López de las Heras and Mr. Pipaón Palacio. TRPT is a specialized finishing and technology-focused company that is primarily responsible for premium threading and connection services for the steel pipes manufactured by other Debtors. As of May 30, 2026, TRPT had 64 employees, all located in Spain.

12. **Aplicaciones Tubulares, S.L.U (ATUCA).** ATUCA is a Spanish entity with a registered office in Bilbao, Spain, at Calle Máximo Aguirre, No. 18 bis. It is a wholly owned subsidiary of TRSA. ATUCA is managed and administered by two joint directors, both of whom reside in Spain: Mr. López de las Heras and Ms. Inés Núñez de la Parte. ATUCA has no employees or operations. It is a holding company that owns 100% of the shares of RDT. ATUCA's liabilities consist primarily of intercompany debt.

13. **Tubos Reunidos Services, S.L.U. (TRS).** TRS is a Spanish entity with a registered office in Spain, at No. 2, Barrio de Sagarribai, Amurrio (Álava). It is a wholly owned subsidiary

of TRSA. TRS is managed and administered by two joint directors, both of whom reside in Spain: Mr. López de las Heras and Ms. Inés Núñez de la Parte. Until the end of 2023, TRS's operations consisted of (a) the design and development of engineering projects involving prefabricated pipes and fittings for pressure equipment at its facility in Chiclana de la Frontera, Spain and (b) the sale of pipes and other metallurgical fittings in project packages at its facility in Barcelona, Spain. At the end of 2023, TRS's operations ceased after it reported a negative operating result of €577,000 and a net loss of €377,000 for that fiscal year. TRS has no employees, facilities, offices, or operations other than its registered office. TRS's liabilities consist primarily of intercompany debt (other than its guaranty obligations).

14. **Tubos Reunidos GmbH.** TRGmbH is a German entity with a registered office at Theodorstraße 297, 40472 Düsseldorf, Germany. It is a wholly owned subsidiary of TRG. is managed and administered by two joint directors, both of whom reside in Spain: Mr. López de las Heras and Ms. Inés Núñez de la Parte. TRGmbH provides commercial and technical support to the Debtors' clients in processing orders in the markets of Central, Northern, and Eastern Europe. It provides these services on an exclusive basis for TRG, the Debtors' manufacturer of seamless steel tubes. TRGmbH was incorporated in late 2024, with the objective of establishing a branch in Germany as part of the Debtors' strategy to strengthen the presence of their commercial and sales teams in the main target markets for the seamless steel tubes manufactured by the Debtors. TRGmbH has four employees. TRGmbH has no facilities, offices, or operations other than its registered office, which houses the Düsseldorf office where its staff carries out its activities. TRGmbH's liabilities consist primarily of intercompany debt.

15. **Tubos Reunidos America, Inc. (TRAME).** TRAME is an entity organized under the laws of the State of Texas with an office located at 550 Post Oak Blvd. #430, Houston, Texas

77027 (the "Houston Facility"). TRAME is a wholly owned subsidiary of TRSA. Mr. López de las Heras is TRAME's chief executive officer. TRAM is managed and administered by a board of directors that includes Mr. López de las Heras, Mr. Antonio Pipaón Palacio, Mr. Ignacio Barón López, and Ms. Inés Núñez de la Parte. Mr. López de las Heras, who resides in Spain, is TRAME's chief executive officer. TRAME provides advisory and oversight services related to the operational, administrative, and commercial management of products manufactured by the Debtors in the United States, as well as accounting, administrative, and tax advisory services. TRAME's sole facility is a leased office located at the Houston Facility, and it has one or more bank accounts with U.S. banks. TRAME currently has two employees.

16. **RDT, Inc. (RDT).** RDT is organized under the laws of the State of Texas with an office located at 9022 Vincik Ehlert Road, Beasley, Texas 77417 (the "Beasley Facility"). RDT is a wholly owned subsidiary of ATUCA. RDT is managed and administered by a board of directors that includes Mr. López de las Heras, Mr. Antonio Pipaón Palacio, Mr. Ignacio Barón López, and Ms. Inés Núñez de la Parte. Mr. López de las Heras, who resides in Spain, is RDT's chief executive officer. RDT is engaged in the processing, threading, and finishing of seamless steel pipes for the oil and gas industry in the North American market. RDT is an importer of a portion of the material shipped by the Debtors to the United States. It holds an import license with customs. In fiscal years 2023 and 2024, RDT made investments in its facilities to expand heat treatment capacity to meet a potential increase in demand. In 2004, RDT sold a non-strategic facility located at the Beasley, Texas plant. RDT owns an industrial facility (*i.e.*, the Beasley Facility), which consists of 14 buildings and facilities on a plot of land measuring approximately 114,910 acres, and has one or more bank accounts with U.S. banks. As of May 30, 2026, RDT had six employees.

## III. The Debtors' Joint Financing Obligations and Intercompany Obligations.

17. The Debtors' financing structure is organized around four main instruments (the collectively, the "Joint Financing Obligations"), under which some or all of the Debtors are jointly and severally liable to primarily Spanish lenders or government entities. The first is a long-term syndicated financing agreement, with a syndicate of primarily Spanish lenders, including Banco Santander, S.A., Kutxabank, S.A., Banco de Sabadell, S.A., and others. The long-term financing agreement is divided into three tranches: Tranche A, in the original amount of €104,365,998.00; Tranche B, in the original amount of €124, 424,124.45; and Tranche C, in the original amount of €37,004,238.89. The syndicated financing agreement was entered into by TRSA, as borrower, and TRG, ATUCA, TRS, TRAME and RDT, as guarantors.

18. The second consists of A bonds and B bonds. The A bonds are unsecured bonds with a total amount of €5,634,002 and a face value of €181,742. The B bonds are convertible bonds with a principal amount of €10,633,217 and a face value of €343,007. TRSA serves as the issuer of both series. The bonds are backed by personal guarantees provided by ATUCA, TRS, TRAME and RDT.

19. The third consists of working capital lines of credit, including confirming and factoring instruments, with a group of primarily Spanish lenders, including Banco Bilbao Vizcaya Argentaria, S.A., Banco de Sabadell, S.A., Banco Santander, S.A., and others. The working capital agreements were executed by TRSA, ATUCA, TRS, TRAME and RDT as borrowers, all of which also simultaneously serve as personal guarantors of the obligations of the other borrowers.

20. The fourth is a financing agreement, dated July 22, 2021, whereby the Strategic Companies Solvency Support Fund, a fund created by the Spanish government to mitigate the effects of COVID on the activity of companies that are strategic for the Spanish economy, granted

TRSA financing in the amount of €112,800,000. This agreement includes personal guarantees provided by TRAME, TRS, ATUCA, and RDT.

21. In addition to these Financing Obligations, The Debtors are also parties to intercompany lending, commission and administrative agreements between themselves, including several involving TRAME and TRGmbH (collectively, the "Intercompany Obligations"). Both TRAME and TRGmbH have received intercompany loans from TRAME. TRAME earns commission income and recognizes a corresponding commissions receivable from TRG. TRAME owes administrative expense fees to its affiliates, including TRSA and TRG. Through these intercompany arrangements, TRAME owes Intercompany Obligations to other Debtors.

**IV. The Debtors' Spanish Insolvency Proceedings.**

22. On May 4, 2026, the Debtors filed a joint petition in the Spanish Court to commence the Spanish Proceedings. The Debtors filed the Spanish Proceedings as the result of a combination of multiple adverse factors that progressively eroded the Debtors' ability to generate the cash flows necessary to service their financial debt. In particular, the loss of access to the U.S. markets (which historically has accounted for approximately 50% of the Debtors' revenue) as a result of U.S. tariff's on steel imports, combined with weak demand in European markets, and the heavy fixed-cost structure characteristic of the steel industry led the Debtors to incur significant losses in 2025, thereby deteriorating its financial position and liquidity.

23. Because TRSA is publicly traded, Spanish law requires certain notifications and decisions be made by the Spanish National Securities Market Commission, which is not required for the other Debtors. Thus, on May 6, 2026, the Spanish Court entered an order (a) requiring the Debtors to notify the National Securities Market Commission in Spain of the TRSA insolvency proceedings and satisfy other requirements prior to appointment of an insolvency administrator for

TRSA, and (b) requiring the Debtors to organize the joint petition into three separate cases to address this and other issues.

24. On May 7, 2026, the Debtors filed new case number 301/2026 for Debtors TRG and TRPT, and new case number 302/2026 for Debtors ATUCA, TRS, TRGmbH, TRAME, and RDT (the "New Cases"). TRSA's proceedings continue under original case number 296/2026 (the "Original Case").

25. On May 11, 2026, the Spanish Court issued Opening Orders for the Debtors in the New Cases, jointly declaring those Debtors voluntarily bankrupt and appointing PKF as the insolvency administrator for the Debtors in the New Cases.

26. In the Opening Orders in the New Cases, the Spanish Court conducted a COMI analysis for each Debtor and determined that the COMI for each Debtor—including the German Debtor and U.S. Debtors—was Spain. In the Opening Order entered in New Case 302/2026, the Spanish Court held:

> The center of main interests shall be the place where the debtor conducts the administration of its interests on a regular basis and which is ascertainable by third parties. . . .
>
> In this case, although [TRS] has its registered office in Amurrio (Álava), [ATUCA] in Bilbao, [TRGmbH] in Düsseldorf (Germany), [TRAME] in Houson, and [RDT] in Beasley (both in Texas, United States of America), it is justified in the insolvency application that the center of main interests of all of them is located at the headquarters of the parent company of the [TRSA] group in Álava.
>
> The management bodies are composed of individuals who are located in and make decisions from Spain. Strategic, financial, and operational decisions are made in Spain, at the Amurrio and Bilbao headquarters. The German and U.S. companies lack financial autonomy and are funded exclusively by cash flows that come, directly or indirectly, from the parent company or from TBG. The financing structure is arranged with the parent company as the primary lender, which is responsible for managing and fulfilling all obligations to financial creditors; virtually all of these companies' liabilities consist of intragroup debts, and third-party creditors with exclusive ties to the countries where the subsidiaries are formally domiciled are either nonexistent or irrelevant.

27. On June 10, 2026, the Debtors, on behalf of all Debtors, paid a retainer to undersigned counsel, which is being held in a United States bank account, to prepare these Chapter 15 Cases.

28. On June 11, 2026, in the New Cases, the Foreign Representative filed a request for approval of "Rules" related to the Potential Sale of its assets and business units (the "Potential Sale Rules"). The Potential Sale Rules establish the method and conditions governing the Potential Sale process, ensuring at all times transparency, equal treatment of bidders, and the best protection of the interests of all parties.

29. On June 15, 2026, the Spanish Court approved the Potential Sale Rules in the New Cases.

30. On June 17, 2026, the Spanish Court entered an Opening Order for TRSA in the Original Case.

31. The Foreign Representative and Debtors file these Chapter 15 Cases to seek recognition of the Spanish Proceedings in the United States, preserve the Debtors' assets, and ensure the Debtors' restructuring and sale efforts in Spain are recognized in the United States.

**V. Current Status of Spanish Proceedings and Debtors' Operations.**

32. The Spanish Proceedings remain active and are the principal forum for the Debtors' restructuring. They are collective judicial proceedings relating to insolvency and adjustment of debt. The Spanish Proceedings are pending in Spain, under applicable Spanish and European Union insolvency laws, under the supervision of the Spanish Court, and are intended to reorganize or liquidate the Debtors' assets and affairs through a coordinated, court-supervised process in Spain.

33. The Opening Orders provide that the Debtors retain powers of administration and disposal over their assets, subject to PKF's supervision as insolvency administrator. In that capacity, PKF may authorize or deny actions as appropriate, and exercises oversight over the Debtors' assets and affairs under the supervision of the Spanish Court.

34. The Debtors and PKF are pursuing a coordinated restructuring strategy under the oversight of the Spanish Court. As part of that process, the Debtors continue to negotiate with creditors toward an agreement that would permit the Debtors to restructure and retain their assets.

35. At the same time, the Debtors have launched a competitive process for the Potential Sale of some or all of their business units and assets. That process has commenced and is expected to run through September 2026. The Potential Sale Rules establish the method and conditions for that process and are intended to promote transparency, equal treatment of bidders, and protection of stakeholder interests. The Potential Sale may include assets and business units in multiple jurisdictions, including the United States. TRAME's Houston office and RDT's Beasley Facility are therefore part of the Debtors' broader restructuring and sale-planning efforts.

36. The potential sale process may include assets and business units located in multiple jurisdictions, including the United States. The Debtors' restructuring efforts also involve cash management systems and financing arrangements that include U.S. bank accounts, cash collateral, and a letter-of-credit structure supported by a pledged deposit account. These arrangements are integral to the Debtors' liquidity and ongoing operations. Under the letter of credit structure, a draw could trigger reimbursement obligations that would be satisfied through the application of funds in the pledged deposit account, resulting in the immediate use of cash resources outside the supervision of a coordinated insolvency process.

37. The Chapter 15 cases are being filed to obtain recognition of the Spanish Proceedings in the United States and to address U.S.-located assets and related matters in coordination with the Spanish Proceedings. Recognition and related relief in the United States would allow PKF and the Debtors to address U.S.-located assets and operations in coordination with the Spanish Proceedings and the potential sale process.

## VI. Alternative Basis for Foreign Nonmain Recognition.

38. If the Court does not recognize one or more Spanish Proceedings as foreign main proceedings, PKF seeks recognition in the alternative as foreign nonmain proceedings.

39. As explained in the paragraphs above, the Debtors maintain substantial, regular, and integrated business activity in Spain through headquarters functions, management, manufacturing operations, financing structures, and centralized restructuring efforts.

40. The Spanish Court is supervising the Spanish Proceedings, PKF is supervising the Debtors' assets and affairs, and the potential sale process is proceeding under Spanish Court-approved rules.

## VII. Statement in Support of Provisional Relief.

41. PKF seeks provisional relief under Bankruptcy Code section 1519 for the period between the filing of the Chapter 15 petitions and the Court's ruling on recognition. It is my understanding that before recognition, the automatic stay and related protections do not apply absent a court order.

42. The requested provisional relief is directed to U.S.-located assets pending recognition, including bank accounts, cash collateral, pledged deposits, and other property or rights connected to the Debtors' U.S. operations.

43. During the interim period before recognition, creditors, counterparties, or financial institutions may take action with respect to U.S.-located assets, bank accounts, cash collateral, or pledged deposits. Such action may result in the use, restriction, transfer, or unavailability of cash or other assets before recognition is determined.

44. Any reduction in liquidity may affect the Debtors' ability to continue operations, fund the Spanish Proceedings, or support the restructuring and sale process. Actions affecting U.S.-located assets may also affect the potential sale process, negotiations with creditors or purchasers, and creditor recoveries.

45. Provisional relief would address the Debtors' bank accounts, cash collateral, U.S. assets, and restructuring efforts pending recognition. It would also provide a mechanism for centralized administration of U.S.-located assets while the recognition request is pending.

46. Provisional relief would also facilitate coordination between the Spanish Court and the U.S. Bankruptcy Court.

47. The proposed provisional relief includes provisional recognition and enforcement of the Spanish Proceedings, authority for PKF to administer and preserve U.S.-located assets, and a stay or injunction concerning actions to obtain possession of, exercise control over, set off against, or otherwise enforce against U.S.-located assets.

**VIII. Conclusion.**

48. The Spanish Proceedings are active, court-supervised insolvency proceedings addressing the Debtors' financial distress through creditor negotiations, restructuring efforts, and a potential sale process. The Debtors also maintain U.S. connections, including U.S. subsidiaries, U.S. assets, U.S. bank accounts, and U.S.-related business operations.

49. Recognition and related relief in the United States would allow the Debtors and PKF to address those U.S. assets and operations in coordination with the Spanish Proceedings. Based on the facts described above, the Debtors seek recognition of the Spanish Proceedings as foreign main proceedings, or alternatively as foreign nonmain proceedings, and related relief to support coordination between the Spanish Court and this Court.

I certify under penalty of perjury under the law of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: July 9, 2026

PKF Attest Concursal, S.L.P., solely in its capacity as court-appointed Foreign Representative of the Debtors and not in its individual or corporate capacity.

By: /s/____________________
Iker Filloy Nieva

16286577R IKER FILLOY (R: B95669628)
2026.07.09 09:03:29 +02'00'